IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-147

**DOUGLAS PERSSON,**

       Plaintiff,

vs.

**LIFE INSURANCE COMPANY
OF NORTH AMERICA,**

       Defendant.

_____

## COMPLAINT

<u>PARTIES</u>

1.     Plaintiff, Douglas Persson, is a citizen and resident of San Diego County, California.

2.     Defendant, Life Insurance Company of North America (hereafter, "CIGNA"), is a properly organized insurance company authorized to do business in the State of North Carolina, and it does substantial business in Mecklenburg County.

3.     At all times relevant to this action, CIGNA provided insured long term disability ("LTD") benefits for employees of Ingersoll-Rand Company, Inc., pursuant to the Group Insurance Trust for Employers in the Manufacturing Industry ("the Plan").

4.     Ingersoll-Rand Company, Inc., has its principal corporate offices in Mecklenburg County, North Carolina, where Plaintiff was employed prior to the onset of his disability, as alleged in more detail in the paragraphs below.

5.     CIGNA serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the plan, including the Plaintiff in

this action.

6.     CIGNA has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

<u>JURISDICTION AND VENUE</u>

7.     This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by 29 U.S.C. § 1132.

8.     Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence in this district during his period of employment with Ingersoll-Rand Corporation, Inc., including the onset of his disability; and by virtue of Defendant's doing business in this district.

<u>FACTUAL ALLEGATIONS</u>

9.     At all times relevant to this action, Plaintiff was a covered beneficiary under the Group Insurance Trust for Employers in the Manufacturing Industry insured and administered by Defendant (the "Policy").

10.     The Plan provides LTD benefits to beneficiaries who meet the Policy's definition of "disability" or "disabled," as follows:

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
>
> 1. *Unable to perform all of the material duties of his or her Regular Occupation; and*
> 2. *Unable to earn more than 80% of his or her Indexed Earnings from working in his or her Regular Occupation.*

11.     Plaintiff was employed as the lead strategy executive Ingersoll-Rand, Inc. Because of the specialized and intellectually challenging work inherent in strategic planning,

2

many large, global companies typically rely on external international strategic advisory firms such as McKinsey, Bain or Boston Consulting Group. Rather than rely on external consultants, Ingersoll-Rand employed Plaintiff to build an internal strategic business practice so that it could improve its internal strategic capability across the entire organization.

12.     In 2012, Plaintiff was diagnosed with a form of cancer called Myleofibrosis. According to the Mayo Clinic:

> Myelofibrosis as a serious bone marrow disorder that disrupts your body's normal production of blood cells. The result is extensive scarring in your bone marrow, leading to severe anemia, weakness, fatigue and often an enlarged spleen. Myelofibrosis is an uncommon type of chronic leukemia — a cancer that affects the blood-forming tissues in the body.

13.     Plaintiff was able to continue work for a period of time following his diagnosis, but as his disease progressed, he reached a point where he had to discontinue working and applied for STD and LTD benefits under the Ingersoll-Rand group disability plan.

14.     Plaintiff's last day of work was April 8, 2016. Defendant found Plaintiff to be eligible to receive LTD benefits beginning on October 8, 2016.

15.     Thereafter, Defendant concluded that Plaintiff was no longer disabled, and it has terminated his benefits effective July 18, 2017.

16.     Plaintiff timely appealed the termination of his LTD benefits by letter dated November 15, 2017, submitting argument and substantial documentation showing that he remained disabled, and that termination of his LTD benefits was improper.

17.     By letter dated February 16, 2018, Defendant notified Plaintiff that it had considered his appeal and had concluded that he was no longer disabled beyond July 18, 2017.

18.     Plaintiff now has exhausted his administrative remedies, and his claim is ripe for

3

judicial review pursuant to 29 U.S.C. § 1132.

**FIRST CLAIM FOR RELIEF:**
**WRONGFUL DENIAL OF BENEFITS**
**UNDER ERISA, 29 U.S.C. § 1132**

19.     Plaintiff reincorporates the preceding paragraphs of the Complaint as if fully restated.

20.     Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Policy, Plan, and ERISA for the following reasons:

a.     Plaintiff remained disabled beyond July 18, 2017, as defined by the LTD benefits Policy and Plan;

b.     Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff remained disabled, by ignoring credible evidence that Plaintiff remained disabled within the meaning of the Plan and Policy;

c.     Defendant's interpretation of the definition of "Disability" or "Disabled" contained in the Policy is contrary to plain language of the Policy and unreasonable;

d.     Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of his benefits by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying his benefits claim; and

e.     Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court:

1.   Grant Plaintiff declaratory and injunctive relief, finding that he remained entitled to LTD benefits under the terms of the Policy, and that Defendant be ordered to pay LTD

4

benefits, and all other related benefits, until such time as he is no longer disabled;

2. Award pre-judgment interest at a rate of 8% per annum;

3. Award Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendant's actions alleged herein; and

4. Award such other and further relief as may be just and appropriate.

This the 21st day of March, 2018.

/s/Edward G. Connette
**EDWARD G. CONNETTE**
N.C. Bar No. 9172
econnette@essexrichards.com

**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357

*Attorneys for Plaintiff*